## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ANGELA ALLEN :        :    Plaintiff, :**

                                                    :

**v.**                                    **: Case No.: 3:23-262**

**STATE CORRECTION INSTITUTION**
**AT THE SOMERSET DEPARTMENT OF**
**CORRECTIONS,   :        :**
**           Defendant.   :**

                                                    :

                                                    :

Filed on Behalf of Plaintiff:
  Angela Allen

Counsel of Record for this Party:

  Sharon L. Wigle, Attorney at Law
    Sharon Lawruler L.L.C
  471 Hill Churches RD
   Latrobe, PA 15650
  (724) 420-0937
  Sharon@Lawruler.onmicrosoft.com
  PA I.D 59964

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELA ALLEN, :   Plaintiff, :
                        :
       v.                           :
                          : Case No.:

STATE CORRECTIONAL INSTITUTION
AT SOMERSET DEPARTMENT OF
CORRECTIONS    :       :
       Defendant.    : :
                           :
                           :

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Angela Allen, by and through the undersigned counsel,

Sharon Lawruler L.L.C , specifically, Sharon L. Wigle who files the within

Complaint against State Correctional Institution at Somerset Department of Corrections., of

which the following is a statement:

## PARTIES

1.   Plaintiff , Angela Allen (herein called Plaintiff) is an individual who resides at 1100

State Route 30 Laughlin, PA 15655.

2.   Defendant is State Correctional Institution at Somerset Department of Corrections

which is a prison located at 1590 Walter Mills Road, Somerset, PA 15510.

## NATURE OF THE ACTION

3. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C.

§ 2000e *et seq*., the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §§ 951-963.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Ms. Angela Allen's claims pursuant to 28 U.S.C. &1331.

5.      Angela Allen is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

6.      Angela Allen filed a timely charge with the Pennsylvania Human Relations Commission regarding her allegations under case number 2021101598.

7 On July 18, 2023, Angela Allen was issued a Notice of Suit Rights. The Complaint now timely follows.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

8.      Angela Allen was hired by Department of Corrections SCI Somerset on or about October 10, 2020 as a Correctional Officer.

9.      Throughout the course of her employment, Angela Allen's male coworkers did not respect her as a security officer. After she stood by a fellow security officer who was as harassed at the prison, she was treated differently by her co-workers and superior officers.

10.      Plaintiff participated as a witness for the security officer who was sexually harassed. Defendant knew that Plaintiff participated as a witness in the sexual

harassment complaint against Respondent because Plaintiff was interviewed at the EEO on-site at Defendant's facility

11.    Starting on March 6, 2021, Plaintiff was treated differently by her co-workers. Defendant acted to harm Plaintiff by slinging her out for harassment and different treatment. For example officers would ignore her and allow doors to slam shut on her. Furthermore, Plaintiff, Angela Allen would arrive on her shift and the housing officer Plaintiff was replacing would not properly inform her of what was going on with the inmates that day.

12.    Defendant began to micromanage Plaintiff and treat her differently. Plaintiff was disciplined for conduct that other security officers who were similarly situated but who did not participate in a protected activity were not disciplined.

13.    On or about April 7, 2021, Plaintiff placed a call to Defendant Sgt. Brown to inquire about an inmate in the yard. Defendant Sgt. Brown responded," You are the only fucking person who doesn't know what they are doing!

14.    Many Defendant security officers and upper management lied to Plaintiff, Angela Allen about various events that happened at Defendant's facility. Specifically, Defendant employees asked Plaintiff Angela Allen questions about her EEO interview. Under both Pennsylvania and Federal law, this is not allowed.

15    Plaintiff, Angela Allen heard two guards talking say," Next time you take her keys, give them to the inmates." When Angela Allen lost her keys, Officer said they," were planning to get rid of her because of the fact that she stood by fellow security officer, Christy Lambert in her sexual harassment/assault case.

16    When Plaintiff, Angela Allen began preparing for her Unemployment Compensation Hearing, Plaintiff started to put things together. First of all, she noted Officer Matthew J. Foster made a statement when he said he was given the keys by the search team when he came on shift at 2:00 pm which belonged to Plaintiff, Angela Allen. Plaintiff, Angela Allen was not asked if they were her keys until 8:00 pm. proving that the search team would not have known whose keys these were when they told Foster at 2:00 pm. unless they took the keys from her.

17    Other false statements were also made. As stated previously, there were many false statements made about Plaintiff Angela Allen by officers and administrators. Specifically, Officer Slifco asked Plaintiff, Angela Allen about her EEO interview, which is against protocol.

18    Plaintiff, Angela Allen was has been detrimentally affected by Defendants illegal activity that has been described herein. This has caused Plaintiff to suffer

severe anxiety, depression, emotional destress, mental anguish, fear, pain, suffering, humiliation, embarrassment and inconvenience. The harassment would detrimentally affect reasonable persons of the same protected class subject to the same conditions.


19      On or about July 15, 2021, Plaintiff, Angela Allen was discharged do to retaliation. Defendant's actions were distillatory because Defendant discharged Plaintiff after learning of her participation in a sexual harassment/assault claim against the Defendant. All conduct taken against Plaintiff, Angela Allen was illegal and because of this, the denial of her rights should be overturned.


## COUNT I
## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII AND THE PHRA

20      Plaintiff, Angela Allen incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

21      Under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), it is illegal for an employer to "fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.S. §2000e-2(a)(1).

22      When analyzing a claim of discrimination under Title VII, a plaintiff must show:


"(1) she is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) either similarly-situated nonmembers of the protected class were treated more favorably or the action occurred under

circumstances that could give rise to an inference of intentional discrimination." *Langley v. Merck & Co.,* 186 Fed Appx. 258 (3d Cir. 2006) (citing *McDonnell Douglas Corp. v. Green,* 36 L. E.D. 29 668 (1973). See also *Makky v. Chertoff,* 542 F.3d 205, 214 (3d Cir. 2008).

23    The same legal standards apply to Title VII and PHRA claims. *Connelly v. LaneConstr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016) (citing *Goosby v. Johnson & Johnson Med. Inc*., 228 F.3d 313, 317 (3d Cir. 2000)). Further, the same standards apply to claims under Title VII and the PHRA on a summary judgment motion. *Jones v. Sch. Dist. of Phila*., 198 F.3d 403, 410 (3d Cir. 1999). Accordingly, the Court's analysis of the Title VII claims also applies to the PHRA claims. *Phillips v. Septa*, CIVIL ACTION NO. 16-0986, 6-7 (E.D. Pa. Feb. 12, 2018).

24    Pennsylvania courts have determined that an adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Jones v. SEPTA,* 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Serv.,* 390 F.3d 760, 764 (3d Cir. 2004)).

25    Under Title VII, for other employees to be considered "similarly situated," they must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it," *Morales v. Pnc Bank, N.A.,* 2012 U.S. Dist. LEXIS 143605 *23 (E.D. Pa. 2012).

26    Pennsylvania courts have held that comparison factors for "similarly situated employees" have included "dealing with the same supervisor, having been subject to the same standards, and engaging in the same conduct without differentiating and mitigating circumstances." *Id.*

27.    A plaintiff may also satisfy the fourth element by "showing other circumstances that give rise to an inference of unlawful discrimination." *Senador v. Zober Indus.,* 2009 U.S.Dis

LEXIS 36059 *9 (E.D. Pa. 2009).

28.    As a female, Angela Allen is a member of a protected class under Title VII.

29.    Angela Allen was highly qualified for her position of security officer as she successfully completed the duties of her position of security officer.

30.    Plaintiff, Angela Allen was regularly and severely harassed by Defendant on the basis of her sex., as evidenced by the aforementioned sexist comments.

31.    After multiple reports to her supervisors and the Human Resources department, Plaintiff received no corrective action in response to these reports.

32.    Defendant's actions were knowing, willful, intentional, and done with reckless indifference to the rights of Plaintiff.

33.    Defendant ultimately terminated Plaintiff, Angela Allen employment as a direct result of her complaints of sexual harassment and verbal abuse by her coworkers.

34.    As a direct and proximate result of the aforementioned conduct, Angela Allen suffered actual damages, including, but not limited to, lost wages, emotional distress, anxiety, loss of reputation, humiliation, and severe inconvenience, all in the past, present, and future.

WHEREFORE, Plaintiff, Angela Allen, hereby requests this Honorable Court consider the above and grant relief in her favor, and against Defendant, including, back pay, reinstatement, front pay, compensatory and punitive, costs and reasonable attorney fees.

## COUNT II
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## TITLE VII AND THE PHRA

39.     Plaintiff, Angela Allen incorporates the allegations contained in the paragraphs
above as if fully set forth at length herein.

40.     A plaintiff may prove that an employer violated Title VII by showing employer's
actions created a hostile work environment. *Gharzouzi v. Nw. Human Servs. Of Penn.*, 225 F. Supp.
2d 514, 532 (E.D. Pa. 2002).

41.     "To establish a hostile work environment claim, a plaintiff must establish

the employee suffered intentional discrimination because of his or her protected class; (2) the
discrimination was pervasive and regular; (3) the discrimination detrimentally affected the
plaintiff; (4) the discrimination would detrimentally affect a reasonable person in this position; (5)
there is a basis for employer liability." *Clair v. Agusta Aerospace Corp.*, 592 f. Supp. 2d 812, 821
(E.D. Pa. 2009)). The United States Supreme Court "has held that when the workplace is
permeated with discriminatory intimidation, ridicule, and insult, that it is sufficiently severe or
pervasive to alter the conditions of the victim's employment and create an abusive working
environment, Title VII . . . is violated." *Washington v. Martinez,* 2004 U.S. Dist. LEXIS 4325 at
*16 - *17 (E.D. Pa. 2004). Courts have held that "whether an environment is 'hostile' or
'abusive'

can be determined only by looking at all of the circumstances. These may include the frequency

of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a

mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance." *Washington* at *17 - *18 (quoting *Harris v. Forklift Sys.,* 510 U.S. 17, 22 (1993)).

42.    Conditions that create a hostile working environment "may constitute a significant

change in benefits and establish the adverse action necessary to state a prima facie case of

discrimination." *Washington* at *17.

43.    Plaintiff, Angela Allen was subjected to harassment by Defendant throughout the

course of her employment.

42.    The harassment Plaintiff, Angela Allen endured is surely indicative of a sexually

hostile work environment.

43.    Plaintiff, Angela Allen reported this harassment by the Defendant on multiple

occasions, yet Defendant took no corrective action and forced Angela Allen to continue working

until her employment was terminated in retaliation for her complaints.

44.    The detrimental effects experienced by Plaintiff, Angela Allen were reasonable

under the circumstances as she has suffered and continues to suffer from this harassment on the

basis of her sex; this discrimination would detrimentally affect a reasonable person in the

same position.

45.     Planttiff Angela Allen's superiors and the human resources representatives were agents and/or employees of Defendant, therefore were acting on behalf of, and under the authority of Defendant.

46.     The Defendant created an intolerable hostile work environment, as it was sexually charged and riddled with discriminatory conduct that was known to the human resources department, supervisors, coworkers, and was further perpetrated by these individuals.

47.     Plaintiff Angela Allen reported this harassment to the Defendant and was consequently terminated in retaliation for these reports.

48.     Defendant's actions were knowing, willful, intentional, and done with reckless indifference to the rights of Plaintiff.

49.     As a direct and proximate result of the aforementioned conduct, Plaintiff, Angela Allen suffered actual damages, including, but not limited to, lost wages, emotional distress, anxiety, loss of reputation, humiliation, and severe inconvenience, all in the past, present, and future.

WHEREFORE, Plaintiff, Angela Allen, hereby requests this Honorable Court consider the above and grant relief in her favor, and against Defendant, including, back pay, reinstatement, front pay, compensatory and punitive, costs and reasonable attorney fees.

## COUNT III
### RETALIATION
### IN VIOLATION OF TITLE VII AND THE PHRA

50.     Angela Allen incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

51    To establish a prima facie case of retaliation under Title VII and the PHRA, a plaintiff must provide evidence that: (1) she is engaged in a protected activity; (2) the employer took an "adverse employment action" against her; and (3) there was a "causal connection" between her "participation in the protected activity and the adverse employment action." *Kengerski v. Allegheny Cty.*, 435 F. Supp. 3d 671, 676 (W.D. Pa. 2020) (citing to *Moore v. City of Philadelphia*, 461 F.3d 331, 341-42 (3d Cir. 2006); see also, *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

52    As a female, Plaintiff, Angela Allen  is a member of a protected class under Title VII.

53    Defendant terminated Plaintiff, Angela Allen's employment, the most severe adverse employment action, in retaliation for her reports of a sexually hostile work environment. But for her membership in a protected class, Plaintiff, Angela Allen would not have been subjected to such harassment.

54.    Defendant's actions were knowing, willful, intentional, and done with reckless indifference to the rights of Plaintiff.

55.     As a direct and proximate cause of the aforementioned conduct, Plaintiiff, Angela Allen suffered actual damages, including, but not limited to, lost wages, emotional distress, anxiety, loss of reputation, humiliation, and severe inconvenience, all in the past, present, and future.

WHEREFORE, Plaintiff, Angela Allen, hereby requests this Honorable Court consider the above and grant relief in her favor, and against Defendant, including, back pay, reinstatement, front pay, compensatory and punitive, costs and reasonable attorney fees.

## COUNT VI
## WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY

82.     Plaintiff, Angela Allen incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

83.     According to Pennsylvania Courts, "as a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship" *Mikhail v. Pennsylvania Org. for Women in Early Recovery*, 63 A.3d 313, 316 (Pa. Super. 2013). However, under a narrow exception to this rule, an employee may bring a cause of action for termination if such termination would violate "a clear mandate of public policy" of the Commonwealth.

84.     "To state a cause of action under the public policy exception to the at-will employment doctrine, a plaintiff must point to a 'clear public policy articulated in the

85.     constitution, in legislation, an administrative regulation or a judicial decision.'" *Tanay v. Encore Healthcare*

*LLC*, 810 F. Supp. 2d 734, 737 (E.D. Pa. 2011) (quoting *Hunger v. Grand Cent. Sanitation*, 447 Pa. Super. 575, 670 A.2d 173, 175 (Pa. Super. 1996)). This public policy exception applies and permits a cause of action for wrongful discharge where the employer discharges an employee for refusing to commit a crime, where the employer discharges an employee for complying with a statutorily imposed duty, or where the employer is specifically prohibited from discharging the employee by statute. *Deal v. Children's Hosp. of Philadelphia*, 223 A.3d 705, 712 (Pa. Super. 2019) (citing *Greco*, 199 A.3d at 436; *Stewart*, 114 A.3d at 428).

86.    Under Pennsylvania law, a cause of action may be stated against a private employer where a wrongful discharge has occurred. *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3d Cir. 1983). It is recognized that the only Pennsylvania cases that have applied public policy exceptions "have done so where no statutory remedies were available." *Id.* Citing *Bruggett v. Warner Commc'ns, Inc.*, 692 F.2d 894 (3d Cir. 1983).

87.    Defendant wrongfully terminated Plaintiff, Angela Allen's    's employment just after she reported testified for Christy Lambert.

88.    There is a clear causal link between Plaintiff Angela Allens's testimony for Christy Lambert and the termination of Plaintiff, Angela Allen's employment, given the temporal proximity of the actions.

89.    No other statutory remedies are available to Plaintiff, Angela Allen to seek relief for this action; thus, she is entitled to this public policy exception to the at-will employment doctrine in the Commonwealth of Pennsylvania.

90.    Defendant's actions were knowing, willful, intentional, and done with reckless

indifference to the rights of Plaintiff.

91.    As a direct and proximate cause of the aforementioned conduct, Plaintiff, Angela Allen suffered actual damages, including, but not limited to, lost wages, emotional distress, anxiety, loss of reputation, humiliation, and severe inconvenience, all in the past, present, and future.

WHEREFORE, Plaintiff, Angela Allen, hereby requests this Honorable Court consider the above and grant relief in her favor, and against Defendant, including back pay, front pay, compensatory damages, punitive damages, costs, and such other relief as deemed just and proper.

**JURY TRIAL DEMANDED.**

Respectfully Submitted,

Date: October 18, 2023                          By: _/s/ Sharon L. Wigle,_
                                                          _Esq._

Sharon Lawruler L.L.C
Sharon L. Wigle, Esq
471 Hill Churches RD
Latrobe, PA 15650
(724) 420-0937
Sharon@Lawruler.onmcrosoft.com
PA I.D. 59964

**<u>VERIFICATION</u>**

I, Angela Allen, have read the foregoing Complaint in Civil Action and verify that the statements therein are correct to the best of my personal knowledge, information and/or belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.


10/19/2023 | 4:01 PM EDT

_____
DATE

DocuSigned by:

_____
CAA3DAECC06842B...    SIGNATURE

.